**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

BRIAN LINTON,

               Plaintiff,

          v.

NAADAM INC.,

               Defendant.

C.A. No. 24-94-GBW

**UNSEALED**

---

Jeffrey M. Carbino, PIERSON FERDINAND LLP, Wilmington, DE; Stephen G. Bresset, BRESSET & SANTORA, LLC, Honesdale, PA.

       *Counsel for Plaintiff*

Alexis R. Gambale, PASHMAN STEIN WALDER HAYDEN, P.C., Wilmington, DE; Deanna Koestel, PASHMAN STEIN WALDER HAYDEN, P.C., New York, NY.

       *Counsel for Defendant*

**MEMORANDUM OPINION**

February 25, 2025
Wilmington, Delaware

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

Plaintiff Brian Linton ("Plaintiff" or "Linton") filed his Complaint (D.I. 1) against Defendant Naadam Inc. ("Defendant" or "Naadam").[1] Pending before the Court is Defendant Naadam Inc.'s Motion to Dismiss Plaintiff Brian Linton's Complaint (D.I. 35) ("Naadam's Motion"), which has been fully briefed (*see* D.I. 36; D.I. 46; D.I. 47).[2] For the following reasons, the Court grants-in-part and denies-in-part Naadam's Motion.

## I.   BACKGROUND

Linton's Complaint includes seven counts: (1) "Fraud," (2) "Intentional Misrepresentations"; (3) "Negligent Misrepresentations"; (4) "Misappropriation"; (5) "Declaratory Judgment"; (6) "Breach of Fid[u]ciary Duties"; and (7) "Unjust Enrichment." D.I. 1 at 5-11 (capitalization altered).

"Pursuant to Federal Rules of Civil Procedure 9(b) and/or 12(b)(6), Defendant . . . moves this Court for an [o]rder dismissing . . . Linton's [C]omplaint." D.I. 35 at 1; *see* D.I. 36 at 1. Specifically, Naadam contends that "Plaintiff (1) lacks standing to assert his claims, (2) fails to plead the claims properly and with the requisite detailed required by Fed. R. Civ.[] P. 9(b), and (3) improperly seeks an advisory opinion." D.I. 36 at 1.

---

[1] The Court writes for the benefit of the parties and assumes familiarity with the case.

[2] Linton's original opposition brief (D.I. 41) was struck for noncompliance with Local Rule 7.1.3(a)(4). *See* D.I. 43. The footnotes in Linton's replacement opposition brief (D.I. 46) violate Local Rule 7.1.3(a)(2). The Court will exercise its discretion and strike all noncomplying footnotes in Linton's replacement opposition brief (D.I. 46). *See Align Tech., Inc. v. 3Shape A/S*, No. CV 17-1646-LPS, 2020 WL 1873026, at *1 (D. Del. Apr. 15, 2020).

## II.    JURISDICTION

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). "District courts have power to decide diversity cases—suits between citizens of different States as to any matter valued at more than $75,000." *Id.* (citing 28 U.S.C. § 1332(a)); *see Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025).

Linton contends that this Court has subject matter jurisdiction "based on diversity of citizenship as the Plaintiff is a resident of the State of Pennsylvania and the Defendant is a corporate entity formed in the State of Delaware incorporated on February 14, 2023, and with a principal address of 183 Madison Avenue New York, NY." D.I. 1 ¶ 3. "[A] plaintiff must plausibly allege all jurisdictional elements." *Brownback v. King*, 592 U.S. 209, 217 (2021). At this stage, the Court finds that Linton has established both: (a) complete diversity under 28 U.S.C. § 1332(a),[3] and (b) an amount in controversy that is sufficient for jurisdiction under 28 U.S.C. § 1332(a).[4] *See* D.I. 1 ¶¶ 3, 45, 51, 56. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

---

[3] "Most rules for determining the citizenship of natural persons and business entities are well-established. The citizenship of a natural person is the state where that person is domiciled. The citizenship of a corporation is both its state of incorporation and the state of its principal place of business. A partnership, as an unincorporated business entity, assumes the citizenship of all its partners. Likewise, a limited liability company is a citizen of all the states of its members." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citations omitted). "[N]o changes in citizenship after the time of filing . . . can create or destroy diversity." *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 151 (3d Cir. 2017), *as amended* (Apr. 19, 2017); *see Royal Canin*, 604 U.S. at 36 n.5 (2025).

[4] "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); *see Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016).

## III.    LEGAL STANDARDS

### A.    Motion to Dismiss

"To state a viable claim, a plaintiff must offer a short and plain statement showing that he is entitled to relief, including 'allegations plausibly suggesting (not merely consistent with)' such entitlement." *Bah v. United States*, 91 F.4th 116, 119 (3d Cir. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  "[A]t the motion-to-dismiss stage, the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom." *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (some alterations in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  "In ruling on a motion to dismiss," a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014) (quoting 556 U.S. 662).

Thus, "[t]he primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but rather whether they are entitled to offer evidence to establish the facts alleged in the complaint." *Fenico v. City of Philadelphia*, 70 F.4th 151, 161 (3d Cir. 2023).  In other words, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8.

## IV.    DISCUSSION

For the following reasons, the Court grants-in-part and denies-in-part Naadam's Motion.

### A.    The Court Applies Pennsylvania's Choice-of-Law Rules

"When federal jurisdiction is based on diversity of citizenship, the Court applies the forum state's choice-of-law rules." *Stokes v. Markel Am. Ins. Co.*, 595 F. Supp. 3d 274, 284 (D. Del. 2022); *see Zanetich v. Wal-Mart Stores E., Inc.*, 123 F.4th 128, 140 (3d Cir. 2024) ("[A] federal court sitting in diversity is obligated to apply state substantive law, as determined by the choice-

of-law rules of the forum state.").[5]  "Where, as here, a civil case has been transferred from one district court to another pursuant to § 1404(a), the transferee court applies the law of the transferor state, including its choice-of-law rules, as if there had been no change of venue." *Stokes*, 595 F. Supp. 3d at 284; *see Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 170-71 (3d Cir. 2011), *as amended* (Dec. 9, 2011).[6]

"Because this case was originally brought in the Eastern District of Pennsylvania [(*see* D.I. 21)], [the Court] appl[ies] Pennsylvania's choice-of-law rules to determine which state's law to apply." *QVC, Inc. v. OurHouseWorks, LLC*, 649 F. App'x 223, 225 (3d Cir. 2016); *see Auto-Owners*, 835 F.3d at 403.

"Under Pennsylvania choice-of-law rules, the first step involves assessing whether a conflict exists between the substantive law of multiple jurisdictions." *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022); *see Melmark, Inc. v. Schutt by & Through Schutt*, 206 A.3d 1096, 1104 (Pa. 2019) ("Pennsylvania courts first consider whether a 'true conflict' exists between the two states."). "If there are no relevant differences between the laws of the two states, the court need not engage in further choice-of-law analysis, and may instead refer to the states' laws interchangeably." *Auto-Owners*, 835 F.3d at 404; *see Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 230 (3d Cir. 2007) ("If two jurisdictions' laws are the same, then there is no conflict at all, and a choice of law analysis is unnecessary."). "A dispute concerning the applicable

---

[5] "[A] choice-of-law rule [] [is] a means of selecting which jurisdiction's law governs the determination of liability." *Cassirer v. Thyssen-Bornemisza Collection Found.*, 596 U.S. 107, 112, (2022).

[6] An exception to this general rule may apply "when a transfer stems from enforcement of a forum-selection clause." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 64-65 (2013).  The Court will apply the general rule, as the transferor court did not identify the preceding exception when transferring the case.  *See* D.I. 21; D.I. 32 at 1-2.

substantive law, however, leads to a choice of law analysis based on the policies and interests of the jurisdictions involved." *Kornfeind v. New Werner Holding Co.*, 280 A.3d 918, 928 (Pa. 2022); *see Hammersmith*, 480 F.3d at 230-31.

**B.    The Court Excludes Matters Outside the Pleadings**

Both parties have presented the Court with materials outside the pleadings. *See* D.I. 37 (Declaration of Matthew Scanlan in Support of Defendant Naadam Inc.'s Motion to Dismiss); D.I. 46-1 (Affidavit of Brian Linton). "[I]t is well established that a motion to dismiss may be decided based only on the 'complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'" *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 197 (3d Cir. 2019) (quoting *Mayer v. Belichick*, 605 F.3d 223 (3d Cir. 2010)); *see U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 845 (3d Cir. 2014) ("[A] court may consider matters outside the pleadings in a factual challenge, but must take the complaint at face value and construe it as true in a facial challenge."). As discussed below, the Court excludes these materials and does not convert Naadam's Motion into a summary judgment motion.

"Pursuant to Federal Rule of Civil Procedure 12(d), '[i]f, on a motion under Rule 12(b)(6) ..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Kickflip, Inc. v. Facebook, Inc.*, 999 F. Supp. 2d 677, 682 (D. Del. 2013) (alterations in original). "This process is known as 'conversion.'" *Id.* "However, a Court may consider, without converting, 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.'" *Id.* (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256 (3d Cir. 2006)). "The Third Circuit has explained that "[p]laintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or

5

explicitly cite them." *Id.* (alterations in original) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410 (3d Cir. 1997)).

As to the Declaration of Matthew Scanlan (D.I. 37), which Defendant filed along with its opening brief, Defendant did not adequately explain why the Court should consider that affidavit.[7] Thus, the Court excludes this exhibit. *See Lewis v. Pearsall*, No. CIV.A. 08-786-GMS, 2009 WL 3259540, at *2 (D. Del. Oct. 8, 2009) ("In support of her motion to dismiss Jones submits the affidavit of Brian M. Simon . . . . The [C]ourt will not consider the affidavit submitted by Jones and, therefore, will treat her motion as a motion to dismiss."); *Overington v. Fisher*, No. CV 21-1133-RGA, 2022 WL 3027187, at *2 (D. Del. Aug. 1, 2022) ("The Court will not consider Defendants' exhibits and will treat their motion as a motion to dismiss").[8]

Naadam asserts that "[t]he Court should not consider the [Affidavit of Brian Linton (D.I. 46-1)] submitted with Plaintiff's opposition." D.I. 47 at 2 n.1. Plaintiff has not explained why the Court should consider that affidavit. *Cf. Lipton v. Cnty. of Orange, NY*, 315 F. Supp. 2d 434, 440 n.3 (S.D.N.Y. 2004) ("It is not our responsibility, especially in a counseled case, to form plaintiff's arguments for him by researching the record and relevant case law."). Thus, the Court excludes this exhibit. *See Winter v. Richman*, No. CV 17-1322-LPS, 2021 WL 3618048, at *2 (D. Del. Aug. 16, 2021) ("Plaintiff filed an affidavit outside the pleadings in her opposition to the motion

---

[7] In a footnote in its reply brief, Naadam attempts to explain why the Court should consider this declaration. *See* D.I. 47 at 6 n.2. Naadam is correct that courts sometimes consider contracts that are not specifically included alongside pleadings. *See JPMorgan Chase Bank, N.A. v. Argus Info. & Advisory Servs.*, ___ F. Supp. 3d ___, No. 1:24-CV-00348-SB, 2025 WL 408252, at *3 (D. Del. Feb. 5, 2025). However, "[a]rguments in footnotes are forfeited. . . . [and] [a]rguments first made in reply briefs are forfeited." *In Re Novartis Pharms. Corp. v. MSN Pharms. Inc.*, No. 20-MD-2930-RGA, 2024 WL 4723274, at *4 (D. Del. Nov. 8, 2024).

[8] Because the Court does not consider the Declaration of Matthew Scanlan (D.I. 37), at this stage, Naadam's contention that "Plaintiff's claim for breach of fiduciary duty must be dismissed because those duties were waived under the operating agreement" fails. D.I. 36 at 14 (capitalization and emphasis altered).

to dismiss.  This matter is not treated as one for summary judgment and, therefore, the affidavit is not considered.").

## C.    Naadam Has Not Established that Linton Lacks "Standing" as a Matter of Law

Naadam contends that "Plaintiff lacks standing to bring the claims asserted in the Complaint."  D.I. 36 at 6 (capitalization altered).  As an initial matter, the Court must ascertain what Naadam means when it uses "[t]he word *standing*[, which] is rather recent in the basic judicial vocabulary and does not appear to have been commonly used until the middle of [the twentieth] century."[9]  As discussed below, the Court finds that Naadam's standing challenge is based on Rule 23.1 of the Delaware Chancery Court Rules, which "govern the procedure in the Court of Chancery of the State of Delaware."  Del. Ch. Ct. R. 1; *see Nelson v. Frank E. Best Inc.*, 768 A.2d 473, 475-76 (Del. Ch. 2000).

In the context of modern federal jurisprudence, "[t]he term 'standing' subsumes a blend of constitutional requirements and prudential considerations."  *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982); *see Potter v. Cozen & O'Connor*, 46 F.4th 148, 151 (3d Cir. 2022) ("A plaintiff who seeks to invoke the jurisdiction of the federal courts must meet the standing requirements of Article III of the United States Constitution.  But courts have also attached the label of 'standing doctrine' to various 'equitable' or 'prudential' limitations they have imposed on a plaintiff's ability to bring a claim, raising the question whether those so-called standing doctrines are also jurisdictional.").  "Standing to sue in any Article III court is, of course, a federal question which does not depend on the party's prior standing in state court."  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985); *see*

---

[9]  *Barclift v. Keystone Credit Servs., LLC*, 93 F.4th 136, 150 n.4 (3d Cir. 2024) (Matey, J., concurring in part, dissenting in part, and dissenting in the judgment) (some alterations in original) (quoting Joseph Vining, Legal Identity: The Coming of Age of Public Law (1978)).

*Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 538 n.9 (3d Cir. 1994) ("[T]here is no federal impediment to the state courts developing more easily satisfied standing rules than those followed in the federal courts."); *see also Aldossari v. Ripp*, 49 F.4th 236, 247 (3d Cir. 2022).

The principal case that Naadam relies on to support its standing challenge is *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031 (Del. 2004). *See* D.I. 36 at 6. In the *Tooley* case, "[p]laintiff-stockholders brought a purported class action in the [Delaware] Court of Chancery, alleging that the members of the board of directors of their corporation breached their fiduciary duties by agreeing to a 22–day delay in closing a proposed merger." 845 A.2d at 1033. "The Court of Chancery granted the defendants' motion to dismiss on the sole ground that the claims were, 'at most,' claims of the corporation being asserted derivatively." *Id.* at 1033; *see id.* at 1034 ("The order of the Court of Chancery dismissing the complaint, and the [m]emorandum [o]pinion upon which it is based, state that the dismissal is based on the plaintiffs' lack of standing to bring the claims asserted therein.") (footnote omitted).

Specifically, in the *Tooley* case, the Delaware Court of Chancery found that "plaintiffs lost standing to pursue the claim, pursuant to Chancery Court Rule 23.1, when their shares were cashed out." *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, No. CIV.A. 18414-NC, 2003 WL 203060, at *2 (Del. Ch. Jan. 21, 2003), *aff'd in part, rev'd in part*, 845 A.2d 1031, 1034 (Del. 2004) ("Thus, when plaintiffs tendered their shares, they lost standing under Court of Chancery Rule 23.1, the contemporaneous holding rule."). In light of Naadam's reliance on the *Tooley* case (*see* D.I. 36 at 6), the Court's understanding is that Naadam's standing challenge is based on Rule 23.1 of the Delaware Chancery Court Rules.[10]

_____

[10] While the introduction to Naadam's opening brief suggested that Naadam would also challenge Linton's standing under Fed. R. Civ. P. 23.1, *see* D.I. 36 at 2, the Court will not reach that topic in

As discussed below, Naadam's Delaware Chancery Court Rule 23.1 standing challenge fails for two reasons.

First, Naadam's standing challenge fails because Naadam fails to explain why Delaware Chancery Court Rule 23.1 is applicable to this suit. "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996); *see Berk v. Choy*, No. 23-1620, 2024 WL 3534482, at *1 (3d Cir. July 25, 2024) (nonprecedential) (similar). The Delaware Chancery Court Rules "govern the procedure in the Court of Chancery of the State of Delaware." Del. Ch. Ct. R. 1. On the other hand, "[t]he Federal Rules are the default rules in civil litigation" in federal courts. *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 436 (2023). Here, Naadam's standing challenge fails because Naadam fails to explain why this Court should apply Delaware Chancery Court Rule 23.1. *See Barlow v. Delhaize Grp.*, No. C.A. 08-565-MPT, 2009 WL 1391413, at *6 n.33 (D. Del. May 15, 2009) ("[T]he applicable procedural rules are the Federal Rules of Civil Procedure and this [C]ourt's local rules, not the procedural rules of a state court."); *see also Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517, 522 (3d Cir. 2004), *as amended* (Aug. 12, 2004) ("A federal court sitting in diversity jurisdiction follows a Federal Rule of Civil Procedure when one of the Federal Rules controls the point in dispute.").

Second, Naadam's standing challenge fails because Naadam fails to explain why it is relevant to this Court whether Linton has, or does not have, standing to litigate his claims in the Delaware Chancery Court under Delaware Chancery Court Rule 23.1. "The fact that a party has

---

light of the argument section of Naadam's opening brief. *See In re Horsehead Holding Corp. Sec. Litig.*, No. CV 16-292-LPS-CJB, 2018 WL 4838234, at *17 (D. Del. Oct. 4, 2018), *report and recommendation adopted*, No. CV 16-292-LPS-CJB, 2019 WL 1409454 (D. Del. Mar. 28, 2019); *In re DaVita Inc. S'holder Derivative Litig.*, No. CV 17-152-MPT, 2019 WL 1855445, at *7-8 (D. Del. Apr. 25, 2019).

standing in state court does not mean that they have standing in federal court." *Yaw v. Delaware River Basin Comm'n*, 49 F.4th 302, 316 (3d Cir. 2022); *see, e.g.*, *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 262 n.8 (1977) ("State law of standing, however, does not govern such determinations in the federal courts."); *Trs. of Gen. Assembly of Lord Jesus Christ of Apostolic Faith, Inc. v. Patterson*, No. CV 21-634-KSM, 2023 WL 5338997, at *2 (E.D. Pa. Aug. 18, 2023) ("Whether Patterson has standing in state court is irrelevant for the purpose of *federal* court standing."); *Page v. Tri-City Healthcare Dist.*, 860 F. Supp. 2d 1154, 1160 (S.D. Cal. 2012) ("Looking to [p]laintiff's claims in this action, the [c]ourt notes that [p]laintiff's standing in this, or any Article III court, does not depend on his standing in state court.").

**D.    Linton Has Not Sufficiently Plead Counts I-III as a Matter of Law**

Linton contends that Naadam engaged in fraud. *See* D.I. 1 ¶¶ 27-28, 37, 41; *see also* D.I. 46 at 1, 3, 5, 8-10, 19.  Naadam, however, asserts that "Plaintiff's claims for fraud, intentional misrepresentation, and negligent misrepresentation must be dismissed because Plaintiff failed to plead those claims with sufficient particularity under Fed. R. Civ. P. 9(b)." D.I. 36 at 11.  Linton, without directly addressing Fed. R. Civ. P. 9(b), responds that "Linton's claims sufficiently set forth facts to satisfy a reasonable conclusion at trial that he would be entitled to relief." D.I. 46 at 1; *see id.* ("If it can be reasonably conceived that the plaintiff can establish a case which would entitle him to relief, regardless of how remote or unlikely, a motion to dismiss should not be granted.").  "Because [Linton] allege[s] fraud, [Linton] 'must state with particularity the circumstances constituting fraud.'" *Fan v. StoneMor Partners LP*, 927 F.3d 710, 714 (3d Cir. 2019) (quoting Fed. R. Civ. P. 9(b)).

Contrary to Linton's view, "the heightened pleading requirements of Rule 9(b) apply to 'fraud claims based on state law.'" *Diaz v. FCA US LLC*, 693 F. Supp. 3d 425, 429 (D. Del. 2023) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294 (3d Cir. 2006)); *see Mitchell v. 3 Point Athletics*

10

*LLC*, No. 1:21-CV-02616, 2022 WL 846536, at *2 (N.D. Ill. Mar. 22, 2022) ("A federal court sitting in diversity applies the federal pleading requirements even when 'the claim pleaded arises under state rather than federal law.'"). "When [p]laintiffs allege fraud, they 'must state with particularity the circumstances constituting fraud .... Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.'" *Diaz*, 693 F. Supp. at 429 (some alterations in original) (quoting Fed. R. Civ. P. 9(b)).

"Under Third Circuit precedent, 'a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged.'" *Diaz*, 693 F. Supp. 3d at 429 (quoting *Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007)). "[T]he complaint must describe the time, place, and contents of the false representations or omissions, as well as the identity of the person making the statement and the basis for the statement's falsity." *Id.* (alteration in original) (quoting *City of Warren Police & Fire Ret. Sys. v. Prudential Fin., Inc.*, 70 F.4th 668 (3d Cir. 2023)); *see Alpizar-Fallas v. Favero*, 908 F.3d 910, 918-19 (3d Cir. 2018).

Here, Linton has not directly responded to Naadam's contention that "Plaintiff failed to plead [certain] claims with sufficient particularity under Fed. R. Civ. P. 9(b)." D.I. 36 at 11.[11] Generally, "a court considering a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6) may consider *only* the allegations contained in the pleading to determine its sufficiency."

---

[11] "When a responding party fails to defend against an issue which is the subject of a motion, courts consistently construe the failure to respond as an abandonment of the issue or a concession that the moving party is correct." *In re Wilmington Tr. Sec. Litig.*, No. 10-cv-990-SRF, 2017 WL 2467059, at *2 (D. Del. June 7, 2017); *see Giffing v. Appoquinimink Sch. Dist.*, No. CV 23-457 (MN), 2023 WL 8764657, at *2 (D. Del. Dec. 19, 2023).

*In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016) (quoting *Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co. (U.S.A.)*, 768 F.3d 284 (3d Cir. 2014)).[12]

Instead of pointing to factual allegations in the Complaint to rebut Naadam's contention, Linton relies heavily on matters outside the pleadings, such as attorney argument. *See* D.I. 46 at 8-10. This is insufficient to rebut Naadam's contention that Linton's Complaint is not well-pleaded as a matter of law. *See, e.g., Monzon v. Cnty. of San Diego*, No. 23CV445-JES (WVG), 2023 WL 5618945, at *6 (S.D. Cal. Aug. 30, 2023) ("While [p]laintiffs argue in their opposition that there might be other 'joint employers' of the [c]ounty involved, this is speculation outside the complaint that the [c]ourt cannot consider on a motion to dismiss."); *McDavid v. Houston Indep. Sch. Dist.*, No. CV H-21-993, 2021 WL 4555241, at *4 (S.D. Tex. Oct. 5, 2021) ("McDavid cannot use a response to a motion to dismiss as a backdoor to add allegations that she did not plead in her amended complaint."); *Revelation Yogurt, LLC v. Kline L. Grp., P.C.*, No. 20-11195, 2021 WL 1812694, at *3 (E.D. Mich. May 6, 2021) ("These allegations are simply attorney arguments which are not even pled in the complaint and thus are given no weight."); *California River Watch v. Pac. Gas & Elec. Co.*, No. C 17-05874 WHA, 2018 WL 1000353, at *4 (N.D. Cal. Feb. 21, 2018) ("Factual details not alleged in the amended complaint, however, cannot evade dismissal under FRCP 12(b)(6) just because they surface in attorney argument."); *Bijeau-Seitz v. Atl. Coast Mortg. Servs., Inc.*, No. CIV. 12-6372 RBK/AMD, 2013 WL 3285979, at *3 n.1 (D.N.J. June 28, 2013) ("[T]he [c]ourt cannot consider these additional allegations that were never set forth in [p]laintiffs' pleadings.").

---

[12] There are limited exceptions to this rule. *See Schuchardt v. President of the United States*, 839 F.3d 336, 353 (3d Cir. 2016). However, Linton has not contended, let alone explained, why any such exceptions apply here.

Naadam asserts that Linton's allegations of fraud are essential to Count I ("Fraud"), Count II ("Intentional Misrepresentations"), and Count III ("Negligent Misrepresentations") of Linton's Complaint. *See* D.I. 36 at 11-12. Linton does not dispute Naadam's preceding assertion. *Compare* D.I. 46, *with In re Wilmington Tr.*, 2017 WL 2467059, at *2 ("When a responding party fails to defend against an issue which is the subject of a motion, courts consistently construe the failure to respond as an abandonment of the issue or a concession that the moving party is correct."). At best, Linton contends that his factual allegations satisfy the plausibility standard. However, in order to "satisf[y] Rule 9(b)'s particularity requirement . . . . the allegations must go well beyond Rule 8's threshold of plausibility." *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 176 (3d Cir. 2019). Thus, for the reasons stated above, the Court dismisses Count I, Count II, and Count III of Linton's Complaint without prejudice. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 719 (3d Cir. 1996).

### E.        Linton Has Not Sufficiently Plead Count IV as a Matter of Law

Linton contends that Naadam engaged in "misappropriation of the assets of Sand Shack." D.I. 1 ¶ 53. Naadam contends that Linton's misappropriation claim fails, at least, because "Plaintiff's allegations relate to . . . misappropriation of Sand Shack property, not Plaintiff's property." D.I. 36 at 15 (footnote omitted); *see* D.I. 47 at 8. Naadam also contends that Linton's misappropriation claim fails because there are no trade secrets at issue. *See* D.I. 36 at 15. Under the heading "Naadam is Liable for Misappropriation,"[13] Linton provides a response that is both difficult to decipher and mostly irrelevant to the issues Naadam raises. *See* D.I. 47 at 8-9 (Defendant's critique of Linton's opposition). Linton concludes his response with the unsubstantiated assertion that "Plaintiff[']s[] claim for misappropriation is appropriately governed

---

[13] D.I. 46 at 14 (capitalization and emphasis altered).

by the law of Pennsylvania and the relevant elements have been plead." D.I. 46 at 17. As discussed

below, even assuming *arguendo* that Linton's misappropriation claim arises under Pennsylvania

law, it is not sufficiently pled.

First, Linton's misappropriation claim fails because Linton has not pled or explained why

he is entitled to relief for the purported misappropriation of Sand Shack assets. *Cf. Beeney v. FCA*

*US LLC*, No. CV 22-00518-TMH, 2023 WL 6962116, at *9 (D. Del. Oct. 20, 2023) ("Plaintiffs

have not pled facts sufficient to show that the money should, in fairness, belong to [p]laintiffs

rather than FCA or the dealerships. Thus, [p]laintiffs have failed to state a claim for money had

and received, and I grant FCA's motion to dismiss as to [c]ount I.").

Second, Linton has not identified a cognizable legal theory under which Count IV arises,

or pled sufficient facts to support a cognizable legal theory. "Dismissal can be based on the lack

of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

theory." *McCurdy v. Wedgewood Cap. Mgmt. Co.*, No. CIV. A. 97-4304, 1999 WL 391494, at *3

n.6 (E.D. Pa. May 28, 1999); *see, e.g., Bonner v. Justia Inc.*, No. 318CV9187PGSLHG, 2019 WL

3892858, at *3 (D.N.J. Aug. 19, 2019) ("[A] motion to dismiss will prevail if the complaint lacks

a cognizable legal theory for recovery or there if there are insufficient facts to support a cognizable

legal theory."); *Election Integrity Project California, Inc. v. Weber*, 113 F.4th 1072, 1081 (9th Cir.

2024) ("[W]e will affirm the dismissal of a claim if there is 'no cognizable legal theory' in support

of the plaintiff's claim or 'an absence of sufficient facts alleged to support a cognizable legal

theory.'"); *Carroll v. SGS N. Am. Inc.*, No. CV 16-537-SDD-RLB, 2018 WL 4001457, at *2 (M.D.

La. Aug. 21, 2018) ("Dismissal under Rule 12(b)(6) is proper not only where the plaintiff fails to

plead sufficient facts to support a cognizable legal theory, but also where the plaintiff fails to allege

a cognizable legal theory.").

Here, Linton has not identified under which Pennsylvania law Count IV purportedly arises. The Court can rule out the Pennsylvania Uniform Trade Secrets Act (12 Pa.C.S. §§ 5301-5308) ("PUTSA"), as Linton has not adequately alleged that a protectable trade secret was misappropriated. *See Elmagin Cap., LLC v. Chen*, No. 22-2739, 2024 WL 2845535, at *2 (3d Cir. Mar. 21, 2024) (nonprecedential) ("To prevail on a claim for misappropriation of trade secrets under . . . PUTSA, a plaintiff must establish (1) the existence of a trade secret, (2) that the trade secret was protectible, and (3) that it was misappropriated by the defendant."). The Court can also rule out common law trade secret misappropriation, because of PUTSA. *See Diamond Design, Inc. v. Blair*, 315 A.3d 71 (Pa. Super. Ct. Feb. 9, 2024) (nonprecedential) ("'PUTSA' extinguished the common law tort for the misappropriation of trade secrets."), *appeal denied*, 325 A.3d 449 (Pa. 2024). In evaluating Count IV, the Court has been unable to identify any other established "misappropriation" causes of action that arise under Pennsylvania law.

Thus, for the reasons stated above, the Court dismisses Count IV of Linton's Complaint without prejudice. *See In re Westinghouse*, 90 F.3d at 719.

## F.    Linton Has Not Sufficiently Plead Count V as a Matter of Law

In Count V, Linton seeks a "declaration" that Naadam is "solely and exclusive[ly] responsible for all obligations incurred by or on behalf of Sand Shack during the time that Naadam was in control of Sand Shack." D.I. 1 ¶ 59. Naadam responds that "Count V must be dismissed as a matter of law because it seeks an improper advisory opinion." D.I. 36 at 19. This is so, according to Naadam, because Linton: "(i) fails to identify or otherwise join Sand Shack or the creditors, (ii) requests a declaration of rights for Sand Shack not himself, and (iii) fails to allege details concerning these alleged debts or creditors." D.I. 47 at 9 (emphasis removed).

15

Naadam assumes that Count V of Linton's Complaint refers to the federal Declaratory Judgment Act. *See* D.I. 36 at 16 (quoting 28 U.S.C. § 2201(a)).[14] "The [federal] Declaratory Judgment Act does not . . . provide an independent basis for subject-matter jurisdiction; it merely defines a remedy." *Allen v. DeBello*, 861 F.3d 433, 444 (3d Cir. 2017); *see Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 277 n.4 (3d Cir. 2007); *Huckabee v. Meta Platforms, Inc.*, No. CV 24-773-GBW, 2024 WL 4817657, at *7 (D. Del. Nov. 18, 2024).

"The [federal Declaratory Judgment Act ('DJA')] provides that '[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, ... *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4th 192, 196 (3d Cir. 2021) (some alterations in original) (quoting 28 U.S.C. § 2201(a)).[15] "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Andela v. Admin. Off. of U.S. Cts.*, 569 F. App'x 80, 83 (3d Cir. 2014). "[T]he point of a declaratory judgment 'is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured

---

[14] It is unclear from Linton's Complaint and briefing (D.I. 46) whether this assumption is correct. *Cf. Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 n.4 (3d Cir. 2017) ("[T]he DJA and not state declaratory judgment law supplies the procedural law that governs this case. This is notwithstanding the fact that the relief sought in the removed Declaratory Action was requested under the Pennsylvania Declaratory Judgments Act."). As becomes apparent later, determining whether this assumption is correct is unnecessary at this time. *Cf. Gonzalez v. Corning*, 885 F.3d 186, 193 (3d Cir. 2018), *as amended* (Apr. 4, 2018) ("While [p]laintiffs do not invoke the Declaratory Judgment Act, 28 U.S.C. § § 2201–02, they acknowledge that their position is analogous to that of one seeking a declaratory judgment. The *Step-Saver* factors are therefore appropriate guides to our analysis.").

[15] "Declaratory judgments are often forward-looking." *Sherwin-Williams Co. v. Cnty. of Delaware, Pennsylvania*, 968 F.3d 264, 269 (3d Cir. 2020). "We may not issue declaratory relief where it would amount to no more than an advisory opinion regarding the wrongfulness of past conduct. We can, however, issue declaratory relief as to past conduct if it presents continuing, present adverse effects." *Shawe v. Bouchard*, No. CV 20-1770, 2021 WL 1380598, at *9 (D. Del. Apr. 12, 2021) (internal quotation marks and footnotes omitted).

by res judicata.'" *Haaland v. Brackeen*, 599 U.S. 255, 293 (2023) (quoting 18A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4446 (3d ed. Supp. 2022)).

"[T]he declaratory judgment plaintiff has the burden 'under all the circumstances, [to] show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Bos. Sci. Corp. v. Johnson & Johnson Inc.*, 532 F. Supp. 2d 648, 652 (D. Del. 2008) (some alterations in original) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)); *see, e.g.*, *Evonik Degussa GmbH v. Materia Inc.*, No. 09-CV-636 (NLH/JS), 2016 WL 1367735, at *1 (D. Del. Apr. 6, 2016) ("A party seeking declaratory judgment bears the burden of showing there is an actual controversy."); *Grace Holdings, L.P. v. Sunshine Min. & Ref. Co.*, 901 F. Supp. 853, 858 (D. Del. 1995) ("Where ripeness questions have been raised, the party seeking the declaratory judgment carries the burden of demonstrating that the case is justiciable.").

"A claim is fit for adjudication if a 'declaratory judgment would in fact determine the parties' rights, as distinguished from an advisory opinion based on a hypothetical set of facts.'" *Wayne Land & Min. Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 523 (3d Cir. 2018) (quoting *Surrick v. Killion*, 449 F.3d 520 (3d Cir. 2006)). "A judicial decision rendered in the absence of a case or controversy is advisory, and federal courts lack power to render advisory opinions." *United States v. Thomas*, 713 F.3d 165, 168 (3d Cir. 2013); *see Lutter v. JNESO*, 86 F.4th 111, 124 n.7 (3d Cir. 2023).

Here, Naadam's contention that Count V seeks an advisory opinion is based on *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643 (3d Cir. 1990). *See* D.I. 36 at 17 ("Applying the *Step-Saver* factors, Plaintiff's claim must be dismissed."). "In a declaratory judgment action, the power of the federal courts to entertain disputes *vis-a-vis* the proscription against the issuance of advisory

opinions implicates several justiciability doctrines, one of which is ripeness." *Grace Holdings*, 901 F. Supp. at 858; *see Alli v. Decker*, 650 F.3d 1007, 1019 (3d Cir. 2011) (Fuentes, J., dissenting) ("At its inception, the concept of declaratory relief was controversial because of the concern that such judgments were merely impermissible advisory opinions."). "'[T]he contours of the ripeness doctrine' are particularly difficult to define 'with precision' when a party seeks a declaratory judgment." *Marathon Petroleum Corp. v. Sec'y of Fin. for Delaware*, 876 F.3d 481, 496 (3d Cir. 2017) (alterations in original) (quoting *Step–Saver*, 912 F.2d 643)); *see NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir. 2001) ("Ripeness is a matter of degree whose threshold is notoriously hard to pinpoint.").

"In the context of declaratory judgment actions, [in *Step-Saver*, the Third Circuit] [] adopted a three-factor balancing test for determining whether a case is ripe." *Nat'l Fire & Marine Ins. Co. v. Genesis Healthcare, Inc.*, No. 22-3377, 2023 WL 8711823, at *2 (3d Cir. Dec. 18, 2023) (nonprecedential); *see Mazo v. New Jersey Sec'y of State*, 54 F.4th 124, 135 (3d Cir. 2022).[16]

The three *Step-Saver* factors are: "[1] the adversity of the interest of the parties, [2] the conclusiveness of the judicial judgment[,] and ... [3] [the] utility of that judgment." *Nat'l Fire*, 2023 WL 8711823, at *2 (alterations in original) (quoting *Step-Saver*, 912 F.2d 643); *see Mazo*, 54 F.4th at 135. "The *Step–Saver* analysis is primarily concerned with whether the parties are in a sufficiently adversarial posture and whether the dispute has undergone sufficient factual development to allow judicial resolution." *Peachlum v. City of York, Pennsylvania*, 333 F.3d 429,

---

[16] "Ripeness challenges are properly brought pursuant to Rule 12(b)(1)." *Univar, Inc. v. Geisenberger*, 409 F. Supp. 3d 273, 279 (D. Del. 2019). Naadam's Motion was brought "[p]ursuant to Federal Rules of Civil Procedure 9(b) and/or 12(b)(6)." D.I. 35 at 1. However, "the content of a motion, not its title, controls." *Muhammad v. Cappellini*, 575 F. App'x 33, 35 (3d Cir. 2014) (nonprecedential) (providing parenthetical summary of *United States v. Fiorelli*, 337 F.3d 282 (3d Cir. 2003)).

436 (3d Cir. 2003); *see Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 539-40 (3d Cir. 2017). "[W]hile the three *Step-Saver* factors guide our disposition, they are not exhaustive of the principles courts have considered in evaluating ripeness." *Cook*, 866 F.3d at 540 (internal quotation marks and citations omitted); *see Tait v. City of Philadelphia*, 410 F. App'x 506, 509 n.4 (3d Cir. 2011) ("We may consider other factors in analyzing ripeness, but no party suggests that we do so here.").

  **The first *Step-Saver* factor:** Naadam contends that "the parties' interests are insufficiently adverse to warrant declaratory judgment." D.I. 36 at 18. This is so, according to Naadam, because "Plaintiff fails to identify the alleged obligations [at issue], fails to join as parties the persons or entities involved in these unidentified obligations, and seeks a declaration of rights not for himself but for Sand Shack, who is not a party to this lawsuit." D.I. 36 at 18. Linton responds that "[t]he interests of the parties are sufficiently adverse because Naadam has explicitly refused to accept liability and Linton is bound by his personal guarantee." D.I. 46 at 18.

  "Adversity is assessed by asking '[w]hether the claim involves uncertain and contingent events, or presents a real and substantial threat of harm.'" *Wayne Land*, 894 F.3d at 523 (alteration in original) (quoting *Surrick*, 449 F.3d 520); *see NE Hub*, 239 F.3d at 342 n.9. "Adversity requires opposing legal interests." *Lewis v. Alexander*, 685 F.3d 325, 341 (3d Cir. 2012). "Adversity of interest is minimal where plaintiff's action depends upon a contingency which may not occur." *New York Shipping Ass'n, Inc. v. Waterfront Comm'n of New York Harbor*, 460 F. App'x 187, 189 (3d Cir. 2012); *see United Atl. Ventures, LLC v. Odyssey Transfer & Tr. Co.*, No. CV 24-838-GBW, 2024 WL 4104187, at *3 (D. Del. Sept. 6, 2024). However, "[i]t is not necessary for the party seeking [relief] to have suffered a completed harm in order to establish adversity of interest

so long as there is a substantial threat of real harm that remains throughout the course of the litigation." *Surrick*, 449 F.3d at 527.

Here, the Court finds that Linton has not pled sufficient adversity. *See Bos. Sci.*, 532 F. Supp. 2d at 652. As noted above, Linton asserts that sufficient adversity is present because "Naadam has explicitly refused to accept liability." D.I. 46 at 18. While that assertion arguably may weigh in favor of finding adversity,[17] it is attorney argument that Linton fails to connect to his Complaint. *See supra* Part IV.D (noting that Linton cannot use attorney argument to allege facts that are wholly missing from his Complaint).

**The second *Step-Saver* factor:** Naadam contends that "the [C]ourt could not issue a conclusive declaration because Plaintiff has not identified the alleged obligations or named as parties those entities to whom the unidentified obligations are due in order to permit a court to determine whether obligations are legitimate and against whom they are enforceable." D.I. 36 at 18. Linton responds that "[a] declaratory judgment would be conclusive as it will establish whether Linton or Naadam is obligated to satisfy the pending claims." D.I. 46 at 18.

"In analyzing conclusiveness,[18] 'courts must determine whether judicial action at the present time would amount to more than an advisory opinion based upon a hypothetical set of facts.'" *United Atl.*, 2024 WL 4104187, at *4 (quoting *Pittsburgh Mack*, 580 F.3d 185); *see*

---

[17] *See Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Eng'rs, Loc. Union No. 66*, 580 F.3d 185, 191 (3d Cir. 2009) ("Here, the interests of the parties are sufficiently adverse because the Union has explicitly refused to indemnify or hold Pittsburgh Mack harmless for the withdrawal liability."); *see also United Atl.*, 2024 WL 4104187, at *3-4.

[18] "Conclusiveness is a short-hand term for whether a declaratory judgment definitively would decide the parties' rights." *Nat'l Fire*, 2023 WL 8711823, at *3 (quoting *NE Hub*, 239 F.3d at 344). "It also addresses the extent to which further factual development of the case would facilitate decision, so as to avoid issuing advisory opinions, or whether the question presented is predominantly legal." *NE Hub*, 239 F.3d at 344.

*Surrick*, 449 F.3d at 528. "One sound method of gauging conclusivity is by evaluating whether the Court is in a position to grant effective relief to the plaintiff." *Grace Holdings*, 901 F. Supp. at 862.

Here, the Court finds that Linton has established that the declaratory relief he seeks is "sufficiently conclusive to define and clarify the legal rights or relations of the parties." *Moore Corp. v. Wallace Computer Servs., Inc.*, 898 F. Supp. 1089, 1097 (D. Del. 1995). Linton broadly requests that the Court hold Naadam "solely and exclusive responsible for all obligations incurred by or on behalf of Sand Shack during the time that Naadam was in control of Sand Shack." D.I. 1 ¶ 59. This requested relief is sufficiently conclusive. *See, e.g.*, *Philadelphia Indem. Ins. Co. v. Transit U, Inc.*, 550 F. Supp. 3d 140, 150 (D. Del. 2021) ("[A] declaratory judgment on this issue would not be an advisory opinion because it would help establish the actual coverage obligations of the insurers in this case."); *Well Thrive Ltd. v. Semileds Corp.*, No. CV 17-794-MN, 2020 WL 7490109, at *9 (D. Del. Dec. 21, 2020) ("A declaration interpreting contractual relationships when the relief sought could affect present behavior of the contracting parties is an appropriate claim for declaratory relief."); *Pittsburgh Mack*, 580 F.3d at 192 ("[T]he declaratory judgment will be conclusive because it will establish whether the Union is obligated to indemnify or hold harmless Pittsburgh Mack (or some derivative of it) for the withdrawal liability.").

**The third *Step-Saver* factor:** Naadam contends that "[a] declaratory judgment will not usefully clarify the legal relationship between Plaintiff and Naadam since the decree Plaintiff seeks is to clarify whether Naadam is liable for Sand Shack's obligations." D.I. 36 at 18 (emphasis removed). Linton responds that the relief he seeks "is practical and useful because at the conclusion of the declaratory judgment action the parties will know who is liable for the claims against Sand [Shack]." D.I. 46 at 18-19.

"[T]he third prong of the *Step-Saver* test requires us to examine the utility of judgment." *Cook*, 866 F.3d at 543. "Practical utility goes to whether the parties' plans of actions are likely to be affected by a declaratory judgment ... and considers the hardship to the parties of withholding judgment." *Id.* (alterations in original) (quoting *NE Hub*, 239 F.3d 333). "It also examines whether entry of judgment 'would be useful to the parties and others who could be affected.'" *Id.* (quoting *Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454 (3d Cir. 1994)). "In the context of the Declaratory Judgment Act, utility exists when the judgment would materially affect the parties and serve to clarify legal relationships so that plaintiffs can make responsible decisions about the future." *Wayne Land*, 894 F.3d at 524 (cleaned up).

Here, the Court finds that Linton has not established sufficient utility. *See Bos. Sci.*, 532 F. Supp. 2d at 652. As noted above, Linton asserts that utility is present because "at the conclusion of the declaratory judgment action the parties will know who is liable for the claims against Sand [Shack]." D.I. 46 at 18-19. While that assertion arguably may weigh in favor of finding utility,[19] Linton has not pled sufficient facts for the Court to evaluate this assertion. At best, Linton merely pleaded that the declaratory relief he seeks would "aid in the resolution of other [unspecified] claims." D.I. 1 ¶ 59.

Having considered the three *Step-Saver* factors, the Court finds that Linton has failed to carry his burden to demonstrate that the declaratory relief he seeks is ripe for adjudication. *See, e.g.*, *Grace Holdings*, 901 F. Supp. at 858 ("Where ripeness questions have been raised, the party seeking the declaratory judgment carries the burden of demonstrating that the case is justiciable."); *Bell Atl. Corp. v. MFS Commc'ns Co.*, 901 F. Supp. 835, 850 (D. Del. 1995) ("Adversity of interest

---

[19] *See, e.g.*, *New York Shipping*, 460 F. App'x at 189; *United Atl.*, 2024 WL 4104187, at *4; *Montagano on behalf of Giano v. Safeco Ins. Co. of Am.*, No. CV 16-9375 (MLC), 2017 WL 2918913, at *8 (D.N.J. July 7, 2017).

between MFS and Bell Atlantic does not appear on the record before the Court . . . . Because Bell

Atlantic fails to demonstrate adversity of interest, the Court concludes that [c]ounts I and II of Bell

Atlantic's complaint are unripe and therefore non-justiciable."); *Johnson v. Gov't Emps. Ins. Co.*,

No. CV 06-408-RGA, 2014 WL 4540251, at *3 (D. Del. Sept. 12, 2014) ("Considering the three

*Step–Saver* requirements, the first and third strongly argue against jurisdiction and they are not

outweighed by the second. Thus, the present declaratory action claim is not ripe."), *aff'd sub nom.*

*Johnson v. GEICO Cas. Co.*, 672 F. App'x 150 (3d Cir. 2016).

Thus, for the reasons stated above, the Court dismisses Count V of Linton's Complaint

without prejudice. *See In re Westinghouse*, 90 F.3d at 719.

### G.    Linton Has Not Sufficiently Plead Count VII as a Matter of Law

In Count VII, Linton contends that "Naadam received significant economic benefits from

Sand Shack to the detriment of Linton." D.I. 1 ¶ 67. Naadam contends that Linton's unjust

enrichment claim fails, at least, because "Plaintiff [] fails to allege any facts demonstrating that he

conferred any benefit to Naadam." D.I. 36 at 20; *see id.* ("[T]he alleged benefit forming the basis

of the unjust enrichment claim flowed from Sand Shack, not Plaintiff.").

The parties both agree that a required element of Linton's unjust enrichment claim is that

Linton must have conferred a benefit to Naadam. *Compare* D.I. 36 at 20, *with* D.I. 46 at 19. Linton

has not, however, pled that he conferred a benefit to Naadam. Instead, Linton has asserted that a

nonparty conferred a benefit to Naadam. *See* D.I. 1 ¶ 67 ("Naadam received significant economic

benefits from Sand Shack."). Here, "the well-pled allegations [do not] plausibly plead a claim by

raising a reasonable expectation there will be evidence of all elements of the claim." *Pollick v.*

*McAndrew*, No. 22-1691, 2023 WL 4785513, at *1 (3d Cir. July 27, 2023) (nonprecedential); *see*

*Tigo Energy Inc. v. SMA Solar Tech. Am. LLC*, No. CV 22-915-GBW, 2024 WL 964203, at *6

(D. Del. Mar. 5, 2024) ("'[A]ny claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action' must be dismissed.").

Thus, for the reasons stated above, the Court dismisses without prejudice Count VII of Linton's Complaint without prejudice. *See In re Westinghouse*, 90 F.3d at 719.

## H.   Linton Has Not Sufficiently Plead Count VIII as a Matter of Law

In Count VIII, Linton contends that "[t]he action and inactions of the Defendant are directly adverse to the rights and interests of Linton and constitutes a wrongful conversion." D.I. 1 ¶ 73. Naadam contends that Linton's conversion claim fails, at least, because "Plaintiff's allegations relate to alleged conversion . . . of Sand Shack property, not Plaintiff's property." D.I. 36 at 15 (footnote omitted); *see* D.I. 47 at 7-8.

The parties both agree that a required element of Linton's conversion claim is that Linton must have a legal interest in the allegedly converted property. *Compare* D.I. 36 at 15, *with* D.I. 46 at 12.   Linton has not, however, alleged that he has sufficient legal interest in the converted property.   Instead, Linton has asserted that a nonparty has legal interest in the allegedly converted property. *See* D.I. 1 ¶ 72 ("Defendant has . . . converted . . . substantial assets and opportunities of Sand Shack.").   Here, "the well-pled allegations [do not] plausibly plead a claim by raising a reasonable expectation there will be evidence of all elements of the claim." *Pollick*, 2023 WL 4785513, at *1; *see Tigo*, 2024 WL 964203, at *6 ("'[A]ny claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action' must be dismissed.").

Thus, for the reasons stated above, the Court dismisses Count VIII of Linton's Complaint without prejudice. *See In re Westinghouse*, 90 F.3d at 719.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Naadam's Motion.  An Order consistent with this Memorandum Opinion will be entered.